IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| LAWRENCE JOHNSON, | HONORABLE JEROME B. SIMANDLE |
|---|---|
| Petitioner, | |
| v. | Civil No. 10-2984 (JBS) |
| UNITED STATES OF AMERICA, | **MEMORANDUM OPINION** |
| Respondent. | |

APPEARANCES:

Lawrence Johnson, pro se
41144-050
F.C.I. Beckley
P.O. Box 350
Beaver, WV 25813
    Petitioner

Steven D'Aguanno, AUSA
Office of the United States Attorney
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ 08101
    Attorney for Respondent

**SIMANDLE**, Chief Judge:

This matter is before the Court upon the motion of the Petitioner Lawrence Johnson to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). [Docket Item 47.] Specifically, Petitioner asks the Court to alter its judgment of Count 3 for violating the Travel Act, 18 U.S.C. § 1952(a)(2), (a)(3)(B), (b), and 2; Count 4 for conspiracy to violate the Travel Act, 18 U.S.C. §371; and Count 5 for aiding and abetting the using and

carrying of a firearm in violation of 18. U.S.C. 924(c), (c)(1)(A)(ii), and 2. The Court finds as follows:

1. Petitioner Lawrence Johnson is a prisoner incarcerated in the Federal Correctional Institution Beckley ("FCI Beckley"). Petitioner originally filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Docket Item 1] on June 14, 2010. This Court denied Petitioner's motion in an Opinion and Order [Docket Items 45 & 46] on March 12, 2013 and Petitioner timely filed this motion on April 1, 2013.

2. In his original motion to vacate, alter, or amend his sentence, Petitioner argued that he received ineffective counsel in violation of the U.S. Constitution for failure to (1) object to Counts 1 and 4 as unconstitutionally duplicative; (2) file a motion to dismiss under Fed. R. Crim. P. 12(b) as to Counts 3 and 4 which Petitioner argues were defective in the indictment; (3) object at sentencing to errors in the presentencing report regarding the calculation of Petitioner's base offense level and guideline range; (4) object during trial to the admission of Petitioner's self-incriminating statement made while in custody; and (5) call Nancy Smith as a witness at trial to testify on Petitioner's behalf. Petitioner also argued that he was actually innocent with regards to Counts 5 and 8. The Court ultimately found that these claims were without merit, denied Petitioner's

motion, and did not issue a certificate of appealability.

3. In reaching this conclusion, the Court determined Petitioner was not prejudiced in any way by his counsel's actions and that his claims of actual innocence held no merit. First, the Court found that Petitioner's double jeopardy argument was without merit because Counts 1 and 4 charged different offenses. Alternatively, the Court found Petitioner suffered no prejudice as a result of his counsel's decision not to object to the counts. The Court dismissed Petitioner's claims involving Counts 3 and 4 because there was sufficient evidence to convict him under the Travel Act and Petitioner suffered no prejudice and did not meet the second prong of the test laid out in Strickland v. Washington, 466 U.S. 668, 687 (1984), as a result of his counsel's failure to file a motion to dismiss. The Court determined that had Petitioner's counsel objected to Counts 3 and 4, the government would show multiple crimes of violence that would satisfy the Travel Act, thus Petitioner was not prejudiced. The Court found that Petitioner's statement while in custody fell within the public safety exception and was properly relied on in trial and therefore, Petitioner's claim failed because his counsel was not deficient. Additionally, Petitioner's claim for failure to call Nancy Smith as a witness at trial was dismissed because the Court determined her

testimony would have corroborated the government's case. The Court dismissed Petitioner's claim for failure to object to errors in the Presentence Report because it properly determined Petitioner's sentencing guidelines. Finally, the Court dismissed the claims for actual innocence because Petitioner did not show new reliable evidence that was unavailable at the time of the trial. [Docket Item 45, March 12, 2013 Opinion.]

4. In his motion to amend or alter judgment, Petitioner again argues that the Court's decision with regard to Counts 3 and 4 should be reconsidered to prevent manifest injustice. Petitioner argues that his alleged conduct "was not sufficient 'beyond a reasonable doubt' to satisfy the burden of the prosecution of a travel act. . ." (Mot. at 5.) Petitioner argues that the facts are not sufficient to convict him of theft by extortion under New Jersey law using the generic definition of extortion under and that robbery doesn't constitute conduct sufficient to violate the Travel Act. The Government argues that Petitioner has failed establish any intervening change in the controlling law or any new evidence that has become available. Instead, Government argues Petitioner is simply trying to relitigate the Court's previous ruling with regards to Counts 3 and 4.

5. With permission of the Court, Petitioner filed a

supplemental brief supporting his motion on July 16, 2013. [Docket Item 53.] Petitioner argues that he is actually innocent of Count 5 due to an intervening change in the controlling law with the Supreme Court's decision in Alleyne v. United States, 133 S.Ct. 2151 (2013). Petitioner believes that under Alleyne, the jury and not the judge must make the determination beyond a reasonable doubt that he brandished a weapon as defined by 924(c)(1)(A)(ii). Because the Jury did not make this determination in his case, Petitioner contends that he is actually innocent of Count 5. Petitioner argues that this ruling should be applied retroactively because the ruling is substantive and not procedural.

    6. Local Civil Rule 7.1(i) governs the Court's review of Petitioner's motion for reconsideration. To prevail on a motion for reconsideration the Petitioner must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Tehan v. Disability Management Services, Inc., 111 F. Supp. 2d 542, 549 (D.N.J. 2000). To prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law

were brought to the court's attention but not considered." P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal citations omitted). The standard of review is high and relief is to be granted sparingly. United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994); Maldonado v. Lucca, 636 F. Supp. 621, 629 (D.N.J. 1986).

7. Petitioner's argument of actual innocence rests on the Supreme Court's decision in Alleyne. In Alleyne, the Court held that "any fact that, by law increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Alleyne, 133 S.Ct. at 2155. "Elevating the low-end of a sentencing range heightens the loss of liberty associated with the crime. . ." Id. at 2161. "This reality demonstrates that the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury." Id. In Alleyne, a conviction under § 924(c) was remanded for resentencing because the District Court Judge found by a preponderance of the evidence that the firearm was "brandished." Alleyne, 133 S.Ct. at 2163-64. Brandishing increased the penalty to which the defendant was subjected. Therefore, the Supreme Court held it must be determined by the jury beyond a reasonable doubt, not the judge at sentencing. Id.

8. This new standard clearly applies to 18 U.S.C. § 924(c), of which Petitioner was convicted. Under this standard the Court must instruct the jury to find beyond a reasonable doubt that a defendant "brandished" a weapon to be convicted under 18 U.S.C. § 924(c)(1)(A)(ii) and not § 924(c)(1)(A)(i), which carries a shorter minimum sentence. The Petitioner correctly states that the jury did not receive such an instruction in his case.

7. The question thus turns to whether the ruling in <u>Alleyne</u> should be applied retroactively. "New substantive rules generally apply retroactively." <u>Schriro v. Summerlin</u>, 542 U.S. 348, 351-52 (2004). Procedural rules on the other hand, are not applied retroactively because:

> they do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with the use of the invalidated procedure might have been acquitted otherwise.

<u>Id.</u> at 352. In <u>Schriro</u> the court explained that:

> A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes. In contrast, rules that regulate only they *manner of determining* the defendant's culpability are procedural.

<u>Id.</u> at 353 (internal citations omitted). In these cases "the question is whether judicial factfinding so '*seriously diminishe[s]*' accuracy that there is an 'impermissibly large risk' of punishing conduct that the law does not reach." <u>Id.</u> at

7

355-56. According to the Supreme Court, there is no evidence that juries or judges are more effective factfinders. Rather, the Supreme Court has determined these are procedural matters and should not be applied retroactively. Id. The holding in Schriro clearly states that the issue of whether an element must be found by a judge or a jury is procedural and thus should not be applied retroactively. Accordingly, this Court will not apply the ruling in Alleyne retroactively in the present case.

9. This conclusion is further supported by the Third Circuit's analysis in In re Turner, 267 F.3d 225 (3d Cir. 2001). In Turner, the Court stated that a new rule of criminal procedure should only be applied "if it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or if "it requires the observance of those procedures that. . . are implicit in the concept of ordered liberty." Id. at 229-230 (internal citations omitted). Turner argued that he should be allowed to file a second habeas corpus application due to the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Supreme Court stated that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Id. at 490. The Court rejected Turner's argument saying

8

the decision Apprendi was procedural and did not fall under either of the exceptions listed above, and thus should not be applied retroactively. The same analysis applies to the instant case, as Alleyne is a procedural decision which does not fall under either exception. Therefore, Petitioner's claim of actual innocence will be denied.

10. With respect to Counts 3 and 4, Petitioner has not shown any "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." P. Schoenfeld Asset Mgmt. LLC, 161 F. Supp. 2d at 353. Additionally, Petitioner has set forth no new evidence and has not presented dispositive factual matters or controlling decisions of law that were overlooked by the Court. Petitioner is only trying to relitigate a matter that has already been decided by the Court. Petitioner has failed to show that the Court's conclusion finding that he failed to meet the prejudice prong of the Strickland test was incorrect or contrary to the law or factual record. Petitioner has not met the high standard of review to alter or amend judgment and as such, the Court will deny his motion.

11. The Court will also deny Petitioner's request to issue a certificate of appealability. A certificate of appealability may be issued "only if the applicant has made a substantial

showing of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy that standard, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

12. As the Court stated in its previous Opinion, jurists of reason could not disagree with the Court's resolution of Petitioner's constitutional claims. The Court will thus deny a certificate of appealability. The accompanying Order will be entered.


**August 1, 2013**           **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                        Chief U.S. District Judge